UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
98 JUL 16 PM 3:27
N.D. OF ALABAMA

ENTERED
JUL 1 6 1998

OLD REPUBLIC INSURANCE  )
COMPANY,                )
                        )
     Petitioner,        )
                        )
v.                      )   Civil Action No. CV98-S-1264-NW
                        )
JOHN WAYNE HARBIN,      )
                        )
     Respondent.        )

## MEMORANDUM OPINION

### I. INTRODUCTION

John Wayne Harbin suffered an on-the-job injury while working for Delton Harrison Logging Company in Fayette County, Alabama, on May 21, 1993. (Motion to dismiss exhibit 2 at 1.) Harbin complained of pain in the cervical and lumbar regions of his back, but the workers' compensation insurance carrier for Delton Harrison Logging — petitioner herein, Old Republic Union Insurance Company — only approved medical treatment for his cervical injuries. (*Id.*) Harbin was forced to file a civil action in the Circuit Court for Fayette County, Alabama, to obtain a determination that Delton Harrision Logging Company was required to pay for treatment of his lumbar injuries. (*Id.*) The state court issued an interlocutory order on October 30, 1997, finding that Delton Harrison was required to pay for treatment of Harbin's lumbar injuries, and "that the employer's willful refusal to provide medical treatment to the lumbar region of the spine was not in good faith." (*Id.* at 5.)

That order was insufficient to resolve all disputes between Harbin and Old Republic, however. The parties soon began to dispute whether Alabama's workers' compensation laws permitted Harbin or Old Republic to choose Harbin's treating physician. (Complaint at 2.)

Harbin's attorney apparently believed that Old Republic's refusal to pay for the physician of Harbin's choice amounted to fraudulent and outrageous conduct under Alabama law. He thus forwarded the following letter to Old Republic's attorney on May 14, 1998:

Dear Ben:

> Tell Stan he will be receiving the amended complaint for fraud and outrage in the next two weeks. We elect to skip the motion stage. Will you accept service?

(Complaint exhibit 1.) Rather than accepting service, counsel for Old Republic elected to file the present action on May 20, 1998. The complaint alleges that Alabama Code § 25-5-77 vests the right to choose a treating physician with the workers' compensation insurer. (Complaint at 2.) Thus, Old Republic

> seeks a judicial determination of its rights, obligations, and duties under the above stated statute and a declaration that it is so entitled to select the appropriate physician by virtue of its obligation to provide "reasonable and necessary" medical care to respondent.

(Complaint at 2.)

The action presently is before the court on Harbin's motion to dismiss. Harbin argues that Old Republic's complaint violates the

2

principles of federalism embodied in 28 U.S.C. § 1445(c). In the alternative, he asks this court to exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, and dismiss the complaint.[1] Upon consideration of the pleadings, briefs, and exhibits thereto,[2] this court concludes the motion is due to be granted.

## II. DISCUSSION

### A. Applicability of 28 U.S.C. § 1445(c)

The mandate of 28 U.S.C. § 1445(c) prohibits removal of workers' compensation actions from state courts to United States District Courts:

> (c) A civil action in any State court arising under the workmen's compensation laws of such States may not be removed to any district court of the United States.

Old Republic concedes there is "[n]o doubt [its] claims 'arise under the workers' compensation laws of Alabama.'"[3] Moreover, Old Republic admits that it "initiated this action in federal court rather than remove it from state court." (Old Republic brief at

---

[1] Harbin also argues that Old Republic's complaint fails to state a claim upon which relief can be granted, but provides no authority in support of that argument. Because this court believes other grounds exist to dismiss the complaint, it will not address the alleged failure to state a claim.

[2] All exhibits considered in this opinion are matters of public record. Consideration of those exhibits does not require that the motion to dismiss be converted to one for summary judgment, because this court may consider matters of public record when ruling upon a motion to dismiss. Papasan v. Allain, 478 U.S. 265, 268 n.1, 106 S.Ct. 2932, 2935 n.1, 92 L.Ed.2d 209 (1986); Nix v. Fulton Lodge No. 2 of the International Association of Machinists and Aerospace Workers, 452 F.2d 794, 797-98 (5th Cir. 1971); see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 299 (2d ed. 1990).

[3] At oral argument, counsel for Old Republic reversed position, and argued that Old Republic would remove to federal court any fraud or outrage action filed in state court. If those claims "arise under" Alabama workers' compensation law, they would not be removable, because of 28 U.S.C. § 1445(c).

3

3.)   This court may not dismiss solely because of Old Republic's efforts to avoid the prohibitions of 28 U.S.C. § 1445(c), however. *See St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 588 (5th Cir. 1994)(holding that dismissal "on the basis of any analogy to section 1445(c) or its purposes" was improper).   Even so, this court **may** consider the nonremovability of Old Republic's claim when exercising its discretion under the Declaratory Judgment Act.

**B.   Discretion Under the Declaratory Judgment Act**

A federal court may decline to exercise jurisdiction when resolution of the controversy by state courts would better serve the interests of federalism and comity.  *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 14-15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983).   The Federal Declaratory Judgment Act vests a district court with discretion to determine whether to entertain an action for declaratory relief: a court "**may** declare the rights and other legal relations of any interested party seeking this declaration."    28 U.S.C. § 2201 (emphasis supplied); *see also Wilton v. Seven Falls Company*, 515 U.S. 277, 286, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995)("We have repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant'").

> By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created **an opportunity**, rather than **a duty** to grant a new form of relief to qualifying litigants.   Consistent with

4

> the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton v. Seven Falls Company*, 515 U.S. at 286, 115 S.Ct. at 2143 (footnote omitted)(emphasis supplied).

## C. Principles and Factors Guiding a District Court's Decision

The Supreme Court's rationale for exercising discretion is based on three principles: (1) federal courts should avoid needlessly determining issues of state law; (2) litigants should be discouraged from filing declaratory judgment actions as a means of forum shopping; and (3) federal courts should avoid duplicate litigation. *Chamberlain v. Allstate Insurance Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)(discussing *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)).

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.

*Wilton v. Seven Falls*, 515 U.S. at 282, 115 S.Ct. at 2140 (quoting *Brillhart v. Excess Insurance Co. of America*, 316 U.S. at 495, 62 S.Ct. at 1175-76).[4]

---

[4] The principles announced by the Court in *Brillhart* and *Wilton* are troublesome, because they contemplate the existence of a pending state court action, involving the same issues and the same parties. While there is evidence of a pending workers' compensation action, there is no evidence of a pending action for fraud and outrage. Even so, any claim for fraud and outrage for failure to allow Harbin to choose a treating physician would be intricately intertwined with the claim for workers' compensation benefits. Thus, at a

5

There is no "exclusive list of factors governing the district court's exercise of [its] discretion ...." *Wilton v. Seven Falls*, 515 U.S. at 282, 115 S.Ct. at 2140. Even so, the Fourth Circuit has enumerated four factors to aid district courts that must decide whether to exercise jurisdiction:

> 1. The strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts;
>
> 2. Whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;
>
> 3. Whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"; and,
>
> 4. Whether the declaratory judgment action is being used merely as a device for procedural fencing: to provide another forum in a race for *res judicata*, or to achieve a federal hearing in a case otherwise not removable.

*Aetna Casualty & Surety co. v. Ind-Com Electric Co.*, 139 F.3d 419, 422 (4th Cir. 1998).[5] This court finds those factors persuasive,

---

minimum, there is a pending state court action involving issues closely related to those raised in Old Republic's complaint.

Moreover, the *Wilton* Court expressly declined to address "cases in which there are no parallel state proceedings." 515 U.S. at 290, 115 S.Ct. 2137, 2144. The two circuits which have addressed that issue following *Wilton* have found that lack of a pending state proceeding does not deprive a court of its discretion to exercise jurisdiction over the declaratory judgment action. *Aetna Casualty & Surety Co. v. Ind-Com Electric Co.*, 139 F.3d 419, 424 (4th Cir. 1998)("a district court does not per se overstep the bounds of its discretion when it dismisses a declaratory judgment in the absence of a pending parallel state court proceeding"); *Budget Rent-a-Car v. Higashiguchi*, 109 F.3d 1471, 1475 (9th Cir. 1997)("The absence of pending state proceedings ... does not relieve the district court from the duty to exercise discretion whether to assume jurisdiction"). This court thus finds that it retains discretion to assume, or to decline, jurisdiction over Old Republic's declaratory judgment action.

[5]The Sixth, Seventh, Ninth, and Tenth Circuits adopt similar factors for district courts to consider. *See Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998); *St. Paul Fire and Marine Insurance Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995); *Nucor v. Aceros Y Maquilas De*

6

and adopts them in its task of determining whether to exercise jurisdiction over Old Republic's declaratory judgment action.[6]

1. **Alabama's interest in deciding the issues raised herein**

If this were a simple fraud and outrage action, there would be no strong interest in having the action decided in state court. The central issue in this action, however, requires an interpretation of unique Alabama law.

Old Republic "seeks a judicial determination of its rights, obligations, and duties under" Alabama Code § 25-5-77. (Complaint at 2.) Furthermore, in responding to the motion to dismiss, Old Republic alleges that Alabama courts have not determined whether the injured employee or the workers' compensation insurance carrier is entitled to choose a treating physician. (See Old Republic's brief at 3-4.) Instead, Old Republic contends that a provision of the Alabama Department of Industrial Relations Administrative Code

---

Occidente, 28 F.3d 572, 579 (7th Cir. 1994); Allstate Insurance Co. v. Mercier, 913 F.2d 273, 277 (6th Cir. 1990).

[6]This court notes that the Eleventh Circuit has never adopted any specific factors to guide district courts in their exercise of discretion. Instead, the Eleventh Circuit has followed general principles such as the following:

> The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise would be presented in a state action.

Angora Enterprises v. Condominium Association, 796 F.2d 384, 388 (11th Cir.1986) (quoting 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2785 at 630-32). If this court were to follow only that general principle, it would find that Old Republic has used the Declaratory Judgment Act to obtain a change of tribunal from state court to federal court, and dismissal would be proper.

7

permits the insurance carrier to select the treating physician. (*Id.* at 4.)

If this action involves issues of first impression, this court must be mindful of the following admonition from the Eleventh Circuit:

> Where there is any doubt as to the application of state law, a federal court should certify the question to the state supreme court to avoid making unnecessary *Erie* 'guesses' and to offer the state court the opportunity to interpret or change existing law.

*Colonial Properties, Inc. v. Vogue Cleaners, Inc.*, 77 F.3d 384, 387 (11th Cir. 1996)(quoting *Mosher v. Speedstar Div. of AMCA Int'l, Inc.*, 52 F.3d 913, 916-97 (11th Cir. 1995))(footnote omitted).

Counsel for Old Republic suggested that this court retain jurisdiction, and certify questions to the Alabama Supreme Court to resolve the issues in this action. The Alabama Supreme Court is under no duty to accept certified questions from this court, however. In such a situation, this court would be making determinations of state law that would not be binding in any future state workers' compensation proceedings. The end effect would be mischief: litigants would present this court's opinion to state courts, which would then be required to determine if this court "got it right."

The better solution is to "get it right the first time." The only way to ensure a proper and definitive interpretation of state workers' compensation law is to allow this action to proceed in state court. Old Republic can utilize Alabama's appellate process

8

if it is dissatisfied with the opinion of the Circuit Court for Fayette County, Alabama. In doing so, all workers' compensation litigants in Alabama will receive a binding ruling from the definitive authority on the subject. This court thus finds that Alabama's interest in deciding the issues raised herein weighs heavily in favor of declining jurisdiction.

### 2. Efficiency of resolution in the Alabama court

This matter also would be resolved more efficiently in the state court. The Circuit Court of Fayette County, Alabama already has issued an interlocutory order that demonstrates a comprehensive knowledge of Harbin's injuries, diagnosis, and treatment. (Motion to dismiss exhibit 2.) In short, the "learning curve" for the state court would be markedly decreased, thereby preserving crucial judicial time and resources.

### 3. Entanglement between state and federal court

Allowing the present action to proceed also would implicate overlapping issues of fact and law between state and federal court. The facts underlying the state and federal actions are identical. More importantly, the legal issue at the center of the fraud and outrage claims overlaps with the pending workers' compensation proceedings. This court would be required to interpret Alabama workers' compensation law before it made any declaration of rights, and any declaration by this court undoubtedly would be raised as *res judicata* in the workers' compensation proceedings.

9

### 4. Use of declaratory judgment as a device for procedural fencing

At oral argument, counsel for Old Republic stated that his client chose to file this declaratory judgment action in federal court, rather than face the potential for punitive damages during a trial on the merits in state court. He further noted that any insurer currently doing business in the State of Alabama would prefer to litigate in federal (rather than state) court. Those statements, combined with the timing of this action, demonstrate an obvious attempt at forum shopping.

The purpose of such forum shopping is to win a "race to *res judicata*." Harbin's attorney promised to file his amended complaint in state court within two weeks of May 14, 1998. Rather than waiting to receive Harbin's amended complaint within two weeks, Old Republic filed this action within six days. In doing so, Old Republic side-stepped the jurisdiction of a state court that previously found a lack of good faith by Old Republic in approving Harbin's treatment. Thus, the apparent purpose of this declaratory judgment action is to obtain a favorable judgment that Old Republic can present as *res judicata* in the confines of state court it perceives as unhospitable.

Moreover, Old Republic effectively admits in brief that it filed the declaratory judgment action to avoid the prohibitions of 28 U.S.C. § 1445(c). (*See* Old Republic's brief at 3.) Yet, Old Republic cannot be permitted to achieve a federal hearing in a case

10

JUL-16-1998 16:14      205 551 0741                      P.11
Case 3:98-cv-01264-CLS    Document 5    Filed 07/16/98    Page 11 of 11

that would otherwise not be removable. *Aetna Casualty & Surety Co. v. Ind-Com Electric Co.,* 139 F.3d 419, 422 (4th Cir. 1998). Indeed, at least one judge of the Northern District of Alabama has declined to exercise jurisdiction over a declaratory judgment action, where that action would not be removable from state court because of 28 U.S.C. § 1445(c). *See Ryder Services Corp. v. Savage,* 945 F.Supp. 232, 235 (N.D. Ala. 1996)(Acker, J.).

### III. CONCLUSION

Each of the foregoing factors demonstrates that this court should exercise its discretion, and decline jurisdiction over Old Republic's declaratory judgment action. Accordingly, Old Republic's complaint is due to be dismissed without prejudice to raise its claims in state court. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the **16th** day of July, 1998.

*[signature]*
United States District Judge

JUL-16-1998 16:01      USDC HUNTSVILLE               205 551 0741      P.011/012